FENNEMORE CRAIG, P.C.
Mark Hawkins (Nevada Bar No. 8490)
Brenoch R. Wirthlin (Nevada Bar No. 10282)
300 South Fourth Street, Suite 1400
Las Vegas, Nevada 89101
Telephone: (702) 692-8000
Facsimile: (702) 692-8099
Email: bwirthlin@fclaw.com
*Attorneys for Defendant Calvada Partners, LLC*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| BART STREET III, a Nebraska Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>ACC ENTERPRISES, LLC, a Nevada Limited Liability Company; ACC INDUSTRIES, INC., a Nevada corporation; CALVADA PARTNERS, LLC, a Nevada Limited Liability Company,<br><br>Defendants. | Case No. 2:17-cv-00083-GMN-VCF<br><br>**DEFENDANT CALVADA PARTNERS, LLC'S MOTION TO DISMISS** |

Defendant Calvada Partners, LLC ("Calvada"), by and through counsel, Fennemore Craig, P.C., hereby moves to dismiss Plaintiff Bart Street III's ("Plaintiff" or "Bart Street") Complaint for lack of subject matter jurisdiction. This Motion is brought pursuant to FRCP 12(b)(1), 12(b)(7) and FRCP 19. This Motion is based on the attached memorandum of points and authorities and all exhibits attached hereto, any oral argument the Court chooses to entertain at a

///

///

///

hearing on this matter, and all papers and pleadings on file herein.

DATED this 17th day of February, 2017.

**FENNEMORE CRAIG, P.C.**

By _____
Mark Hawkins, Esq. (Bar No. 8490)
Brenoch Wirthlin, Esq. (Bar No. 10282)
1400 Bank of America Plaza
300 South Fourth St. 14th Floor
Las Vegas, NV 89101
*Attorneys for Defendants*

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.     INTRODUCTION AND STATEMENT OF FACTS**

Plaintiff has deliberately failed to join a necessary party in this case. On information and belief, that entity is believed to be Solutionary, Inc. ("Solutionary"). By way of background, certain clarification to the allegations set forth in the Complaint must be set out, although the below statement is not exhaustive of all incorrect allegations set forth in the Complaint. Calvada, along with ACC Enterprises, LLC and ACC Industries, Inc. (collectively "Defendants"), owns and operates a marijuana cultivation plant in Pahrump, Nevada. In order to fund operations of Defendants' business, ACC Industries entered into that certain loan agreement with a lender Beverly Pacific ("BP") in the amount $2,000,000 on or around March 15, 2016 ("March 2016 Loan"). Pursuant to the terms of the March 2016 Loan, which is evidenced by that certain promissory note of the same date, ACC Industries is required to repay the amounts received pursuant to the March 2016 Loan on or before September 15, 2017. Because Defendants needed additional funding to grow their business, they entered into negotiations with Steve Idelman, principal of Bart Street and, on information and belief, believed to own or control Solutionary, for additional capital to fund Defendants' Pahrump business. On information and belief, Steve

Idelman ("Idelman"), the principal of Bart Street is a friend of the family member of Howard Misle ("Misle"), the President of ACC Industries. After substantial negotiation, Defendants and Bart Street entered into an agreement pursuant to which Bart Street and Idelman's Nevada entity, believed to possibly be Solutionary, agreed to fund Defendants' business in the total principal amount of $9,000,000. Idelman did not specifically mention the name of the Nevada entity that would participate in the transaction. *See* Declaration of Peter Seltzer In Support of Motion to Dismiss, at ¶ 3, **Exhibit 1** hereto. However, on information and belief that entity may have been Solutionary. *Id.* at ¶ 4. Sheri Idelman, believed to be a relative of Steve Idelman, is listed as a director of Solutionary. *Id.* at ¶ 6.

Because recreational marijuana was not permitted in Nevada at the time of the parties' negotiations, and because the parties believed there was a substantial likelihood that recreational marijuana would be approved in Nevada in November, 2016, the parties agreed that Bart Street would lend Defendants $4,700,000 prior to the vote in November, 2016 regarding recreational marijuana and the remaining $4,300,000 would be provided in the form of equity after the vote in November, 2016, provided the vote approved the sale and distribution of recreational marijuana in Nevada. Additionally, if the vote passed, it was also understood that the loan of $4,700,000 would be converted into equity as well or at a minimum $1,300,000 for a total of $6,000,000 in equity and $3,000,000 in loans.

On or around August 19, 2016, Defendants ACC Industries, ACC Enterprises, and Defendant entered into that certain Promissory Note in Las Vegas, Nevada in the amount of $3,500,000 ("August 2016 Note"). Pursuant to the terms of the August 2016 Note, the outstanding principal amount of the note, together with all accrued interest, is due and payable on September 1, 2017. However, subsequent to the execution of the August 2016 Note, the parties agreed that Defendants would instead convert BP's debt to equity in the Bart Street, and would instead use the $2,200,000 previously intended to pay off BP as working capital for the Defendants' company. Bart Street and Solutionary were fully and completely informed of this

Fennemore Craig, P.C.

modification to the parties agreement and agreed, verbally and through email correspondence, to this change.

Subsequently, in November, 2016, the use, production and distribution of recreational marijuana was approved in Nevada. Pursuant to the terms of the parties' agreement, Defendants anticipated Bart Street and Solutionary[1] would provide the additional $4,300,000 in funding to Defendants it was contractually obligated to provide. However, in violation of their contractual agreement with Defendants, Bart Street and Solutionary have failed and refused to provide said additional funding, to the detriment and damage of Defendants.

## II.   STANDARD OF REVIEW

Under Rule 12(b)(1), Plaintiff bears the burden of establishing by a preponderance of evidence that the Court has subject matter jurisdiction. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992); *Kelly v. Wengler*, 822 F.3d 1085, 1094 (9th Cir. 2016); *US Ecology, Inc. v. U.S. Dep't of Interior,* 231 F.3d 20, 24 (D.C. Cir. 2000). Federal courts are courts of limited jurisdiction and the law presumes that "a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see also General Motors Corp. v. Environmental Prot. Agency*, 363 F.3d 442, 448 (D.C. Cir. 2004) (noting that, "[a]s a court of limited jurisdiction, we begin, and end, with an examination of our jurisdiction"). Because subject matter jurisdiction focuses on the Court's power to hear the claim, Plaintiff's factual allegations in the Complaint "will bear closer scrutiny in resolving a 12(b)(1) motion than in resolving a 12(b)(6) motion." *Grand Lodge of Fraternal Order of Police v. Ashcroft*, 185 F. Supp. 2d 9, 13-14 (D.D.C. 2001) (internal citation and quotation omitted).

///

///

---

[1] Assuming that was the entity which was referenced by Idelman as being involved in the transaction. For ease of reference the entity at issue will be referred to as Solutionary, although Calvada expressly reserves the right to amend any pleadings necessary to assert the true name of the entity at issue.

FENNEMORE CRAIG, P.C.

### III. ARGUMENT

FRCP 12(b) provides in relevant part:

**(b) How to Present Defenses.** Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion:

    **(1)** lack of subject-matter jurisdiction;
    **(2)** lack of personal jurisdiction;
    **(3)** improper venue;
    **(4)** insufficient process;
    **(5)** insufficient service of process;
    **(6)** failure to state a claim upon which relief can be granted; and
    **(7)** failure to join a party under Rule 19.

Fed. R. Civ. P. 12 (West 2009).

A party may not "avoid the requirement of complete diversity by failing to join a nondiverse party if that person is 'indispensable' to the proper resolution of the litigation." *Chesapeake & Ohio Ry. Co. v. Certain Underwriters at Lloyd's, London,* 716 F. Supp. 27, 29 (D.D.C. 1989), *rev'd on other grounds*, 910 F.2d 960 (D.C. Cir. 1990) (*citing* 14 C. Wright, A. Miller, & E. Cooper, *Federal Practice and Procedure* § 3637 (2d ed. 1986)). Rule 19 sets forth a two-step analysis for the required joinder of parties. First, courts must determine whether a party is required and must therefore be joined. Fed. R. Civ. P. 19(a). If so, and if joinder is not feasible, then the court must next balance the equitable factors set forth in Rule 19(b) to decide if the party is indispensable such that the action should be dismissed. Fed. R. Civ. P. 19(b).

Further, "[w]here a party required under Rule 19 has not been joined, a party may move for dismissal under Rule 12(b)(7)." *Cabrera-Morales v. UBS Trust Co.*, 769 F. Supp. 2d 67, 70 (D.P.R. 2011); *see also Alto v. Black*, 738 F.3d 1111, 1126 (9th Cir. 2013).

Further, the Ninth Circuit has recognized the following:

A Rule 19 motion poses "three successive inquiries." *Peabody II,* 400 F.3d at 779. "First, the court must determine whether a nonparty should be joined under Rule 19(a)." *Id.* That nonparty (or "absentee") is now referred to as a "person required

to be joined if feasible." If an absentee meets the requirements of Rule 19(a), "the second stage is for the court to determine whether it is feasible to order that the absentee be joined." *Id.* "Finally, if joinder is not feasible, the court must determine at the third stage whether the case can proceed without the absentee" or whether the action must be dismissed. *Id.* A nonparty in whose absence an action must be dismissed is one who "not only [has] an interest in the controversy, but [has] an interest of such a nature that a final decree cannot be made without either affecting that interest, or leaving the controversy in such a condition that its final termination may be wholly inconsistent with equity and good conscience." *Shields v. Barrow*, 58 U.S. 130, 139, 17 How. 130, 15 L.Ed. 158 (1855). With these principles in mind, we consider the Rule 19 joinder of both the Navajo Nation and the Secretary of the Interior.

*E.E.O.C. v. Peabody W. Coal Co.*, 610 F.3d 1070, 1078 (9th Cir. 2010). Moreover, in *Jimenez v. Rodriguez-Pagan*, 597 F.3d 18 (1st Cir. 2010), the First Circuit explained the purpose of Rule 19 and provided instruction on how to apply the Rule:

> Rule 19 is designed to protect the interests of parties who are not yet involved in ongoing litigation. To measure how critical those interests are, the rule instructs courts to engage in a two-part analysis. Parties should be joined, when feasible, if they are "necessary" to the action according to the criteria laid out in Rule 19(a). If a necessary party cannot be joined in the action without divesting the court of subject-matter jurisdiction, Rule 19(b) lays out additional criteria for determining whether the party is "indispensable." If the court finds that party is anything less than indispensable, the case proceeds without her. **If, on the other hand, the court finds that the litigation cannot proceed in the party's absence, the court must dismiss the case.**

*Id.* at 25 (internal citation omitted) (emphasis added).

The *Jimenez* Court expanded upon the meaning of "necessary" under Rule 19:

> The term 'necessary' is a vestige of a superseded version of Rule 19 and no longer appears in the text. . . . Lest there be any confusion, the word is used as a term of art and signifies desirability rather than actual necessity. Parties are not truly necessary in the vernacular sense of the word unless and until they satisfy the terms of Rule 19(b).

*Id.* at 25 n.3 (internal punctuation omitted).

The term "indispensable" has similarly been removed from the text of Rule 19, but courts still use it as shorthand for whether dismissal under Rule 19(b) is warranted. The "critical

question" under Rule 19(b)—and thus the key to whether a party is "indispensable"—is "'whether in equity and good conscience' the action may proceed in [the party's] absence." *B. Fernandez & Hnos, Inc. v. Kellogg USA, Inc.*, 516 F.3d 18, 23 (1st Cir. 2008) (quoting FED. R. CIV. P. 19(b)). Rule 19(b) provides four non-exhaustive factors for the trial court to consider in determining whether a party is indispensable:

> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
>
> (2) the extent to which any prejudice could be lessened or avoided by: (A) protective provisions in the judgment; (B) shaping the relief; or (C) other measures;
>
> (3) whether a judgment rendered in the person's absence would be adequate; and
>
> (4) whether the plaintiff would have an adequate remedy if the action were dismissed for non-joinder.

In deciding a motion to dismiss under Rule 12(b)(7), a court is not limited to the pleadings and may consider other relevant extra-pleading evidence. *Hohri v. United States*, 782 F.2d 227, 241 (D.C. Cir. 1986), *vacated on other grounds*, 482 U.S. 64 (1987); *Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 197 (D.C. Cir. 1992); 5C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1359, at 68 (3d ed. 2004) (WRIGHT & MILLER). A defendant may move to dismiss a complaint for "failure to join a party under Rule 19." Fed. R. Civ. P. 12(b)(7). Courts may consider materials outside the pleadings in resolving a motion to dismiss under Rule 12(b)(7), *Anderson v. Hall*, 755 F. Supp. 2, 5 (D.D.C. 1991), and consideration of such materials will not convert the motion into a Rule 56 motion for summary judgment, *see Estes v. Shell Oil Co.*, 234 F.2d 847, 849 n.5 (5th Cir. 1956).

Here, as set forth above, Calvada will be unable to pursue its counterclaims against Solutionary if it is not named as a plaintiff in this matter. Bart Street has deliberately excluded Solutionary from this action in violation of FRCP 12(b)(1), 12(b)(7) and 19 and therefore the

FENNEMORE CRAIG, P.C.

Plaintiff's complaint must be dismissed. All factors set forth in the Rule 19 analysis weigh in favor of dismissal. Any judgment rendered in Calvada's favor will not include all parties against whom Calvada will be entitled to collect, including Solutionary.

Second, there are no measures that can be taken aside from joining Solutionary, that would lessen or avoid the damage to Calvada in not being able to pursue its claims against all applicable entities. However, joining Solutionary as a plaintiff would destroy the Court's diversity jurisdiction.

Third, as set forth above, no judgment rendered in the absence of the missing plaintiff/counter-defendant would be adequate. Finally, the fourth factor weighs heavily in favor of dismissal as Bart Street and Solutionary have an adequate remedy in state court in Nevada. Accordingly, the Motion must be granted and Plaintiff's Complaint dismissed.

## IV. CONCLUSION

For all these reasons, Calvada respectfully requests that this Court grant its motion to dismiss, and grant such other and further relief as the Court deems appropriate and necessary.

DATED this 17th day of February, 2017.

FENNEMORE CRAIG, P.C.

By _____
Mark Hawkins, Esq. (Bar No. 8490)
Brenoch Wirthlin, Esq. (Bar No. 10282)
1400 Bank of America Plaza
300 South Fourth St. 14th Floor
Las Vegas, NV 89101
*Attorneys for Defendant Calvada Partners, LLC*

# EXHIBIT 1

# EXHIBIT 1

FENNEMORE CRAIG, P.C.
Brenoch R. Wirthlin (Nevada Bar No. 10282)
Mark Hawkins (Nevada Bar No. 8490)
300 South Fourth Street, Suite 1400
Las Vegas, Nevada 89101
Telephone: (702) 692-8000
Facsimile: (702) 692-8099
Email: bwirthlin@fclaw.com

*Attorneys for Defendant Calvada Partners, LLC*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| BART STREET III, a Nebraska Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>ACC ENTERPRISES, LLC, a Nevada Limited Liability Company; ACC INDUSTRIES, INC., a Nevada corporation; CALVADA PARTNERS, LLC, a Nevada Limited Liability Company,<br><br>Defendants. | Case No. 2:17-cv-00083-GMN-VCF<br><br>**DECLARATION OF PETER SELTZER IN SUPPORT OF MOTION TO DISMISS** |

PETER SELTZER hereby declares as follows:

1. I am a manager of Calvada Partners, LLC, defendant herein.

2. I make this Declaration in support of Calvada Partners, LLC's Motion to Dismiss.

3. In the discussions and negotiations between Bart Street III ("Bart Street") and Calvada Partners, LLC, Bart Street's principal, Steven Idelman, stated that a Nevada entity would participate in the proposed transaction.

4. On information and belief, that entity may have been Solutionary, Inc.

12570432/041982.0003

5. According to the Nevada Secretary of State's website, Solutionary, Inc. is currently a dissolved domestic corporation.

6. Sheri Idelman is listed as a director of Solutionary, Inc.

is true and correct to the best of my knowledge and belief under penalty of perjury of the laws of the State of Nevada.

DATED this 17th day of February, 2017.

_____
PETER SELTZER

FENNEMORE CRAIG, P.C.    12570432/041982.0003

- 2 -