**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| BART STREET III, | ) |
| | ) |
| Plaintiff, | ) Case No.: 2:17-cv-00083-GMN-VCF |
| vs. | ) |
| | ) **ORDER** |
| ACC ENTERPRISES, LLC, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

Plaintiff Bart Street III ("Plaintiff") initiated the instant action against Defendants ACC Enterprises, LLC, ACC Industries, Inc., and Calvada Partners, LLC (collectively "Defendants") on January 10, 2017. In the short time since this case has been pending, the parties have filed over one-hundred docket entries, including a motion for summary judgment, multiple motions to dismiss, and nearly a dozen motions to file supplemental briefing totaling hundreds of pages. While the Court recognizes the potentially fact intensive nature of the parties' dispute, the end effect here has been to circumvent the Court's Local Rules concerning page limits and create an incohesive string of cross-referencing documents. *See* Local Rule 7-3. Accordingly, and pursuant to the Court's inherent authority to control its own docket, the Court rules as follows.

With respect to Plaintiff's Motion for Summary Judgment, (ECF No. 17), the Court denies the Motion without prejudice as premature. Plaintiff filed its Motion before Defendants even had an opportunity to respond to the Complaint. While a summary judgment motion may technically be filed "at any time," such motions generally should not be made before defendants have had adequate time for discovery. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also Mohamed v. Jeppesen Dataplan, Inc.*, 614 F.3d 1070, 1100 n.15 (9th Cir. 2009) (stating that because the defendant had not even answered the complaint, it was "uncertain which allegations are in dispute, much less which disputes might raise genuine

issues of material fact."); *Vining v. Runyon*, 99 F.3d 1056, 1058 (11th Cir. 1996) ("A premature decision on summary judgment impermissibly deprives the [defendants] of their right to utilize the discovery process to discover the facts necessary to justify their opposition to the motion."); *Williams v. Yuan Chen*, NO. S–10–1292 CKD P, 2011 WL 4354533, at *3 (E.D. Cal. Sept. 16, 2011) (denying the plaintiff's motion for summary judgment as premature where the defendant had not yet filed an answer and the court had not issued a discovery order).

Here, Defendants argued in their opposition that Plaintiff's Motion was premature and requested the opportunity to conduct discovery before summary judgment was decided. (Def.'s MSJ 15:12–16:23, ECF No. 35). Plaintiff's Motion, at least in part, relies on the non-existence or insufficiency of certain factual allegations surrounding the at-issue loan agreement. Without commenting on the merits, the Court finds Defendants' are entitled to the benefit of discovery in order to fully respond to Plaintiff's arguments. *See Burlington N. Santa Fe R.R. Co. v. Assiniboine & Sioux Tribes of Fort Peck Reservation*, 323 F.3d 767, 773 (9th Cir. 2003) (stating that requests by nonmovants to take discovery prior to the court considering a motion for summary judgment should be freely granted). Furthermore, given the challenges to the Court's jurisdiction in this case, it would be improper for the Court to rule on the merits of Plaintiff's Motion at this time. The Court therefore finds Defendants' request appropriate and denies Plaintiff's Motion for Summary Judgment without prejudice as premature.

With respect to Defendants' multiple Motions to Dismiss, the Court likewise finds denial without prejudice appropriate. In these Motions, Defendants raise potentially dispositive fact-intensive arguments going to, *inter alia*, the Court's subject matter jurisdiction over the action. As this case has progressed through discovery, Defendants have sought substantial supplements to these arguments based on a myriad of purported factual developments. The Court finds it appropriate to allow Defendants to consolidate their arguments into a properly briefed and complete motion that complies with the Local Rules.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Summary Judgment, (ECF No. 17), is **DENIED without prejudice**. Plaintiff is permitted to file a renewed summary judgment motion in accordance with the discovery deadlines.

**IT IS FURTHER ORDERED** that Defendants' Motions to Dismiss, (ECF Nos. 18, 38, 39), are **DENIED without prejudice**. Defendants shall have 30 days from the date of this Order to file renewed motions to dismiss containing all relevant arguments that Defendants wish the Court to consider.

**IT IS FURTHER ORDERED** that the Motions to Supplement, Motion to Strike, and Motions to File Surreply, (ECF Nos. 27, 42, 50, 65, 67, 97, 103, and 128), are **DENIED as moot**.

**DATED** this __26__ day of September, 2017.

_____
Gloria M. Navarro, Chief Judge
United States District Judge