MCNUTT LAW FIRM, P.C.
Daniel R. McNutt, Esq., Bar No. 7815
Matthew C. Wolf, Esq., Bar No. 10801
625 South Eighth Street
Las Vegas, Nevada 89101
Tel.: (702) 384-1170 / Fax.: (702) 384-5529
drm@mcnuttlawfirm.com
mcw@mcnuttlawfirm.com
Counsel for *Plaintiff Bart Street III, LLC*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| BART STREET III, a Nebraska Limited Liability Company,<br><br>      Plaintiff,<br><br>Vs.<br><br>ACC ENTERPRISES, LLC, a Nevada Limited Liability Company; ACC INDUSTRIES, INC., a Nevada corporation; CALVADA PARTNERS, LLC, a Nevada Limited Liability Company;<br><br>      Defendants. | Case 2:17-cv-00083-GMN-VCF<br><br>**FIRST AMENDED COMPLAINT** |

Plaintiff Bart Street III, LLC complains as follows against Defendants ACC Industries, Inc.; ACC Enterprises, LLC; and Calvada Partners, LLC.

**PARTIES AND JURISDICTION**

1. Bart Street is a Nebraska limited liability company. Its members are citizens of states other than Nevada.

2. ACC Industries is a Nevada corporation. Its principal place of business is in Nevada.

3. ACC Enterprises is a Nevada limited liability company. Based upon information and belief, its members are citizens of Nevada.

4. Calvada Partners is a Nevada limited liability company. Based upon information and belief, its members are citizens of Nevada.

5. This Court has jurisdiction over Defendants because Defendants are citizens of Nevada, and this action arises from Defendants' contacts with Nevada.

6. This Court has subject matter jurisdiction because Plaintiff is diverse from all

1  Defendants, and the amount in controversy exceeds $75,000.00.

2      7.    The District of Nevada is a proper venue because the acts, events, occurrences,

3  decisions, transactions, and/or omissions giving rise to this lawsuit occurred in Clark County,

4  Nevada, or Nye County, Nevada.

5  **GENERAL FACTUAL ALLEGATIONS**

6      8.    Each paragraph and allegation herein is expressly incorporated into each subsequent

7  section and cause of action in this First Amended Complaint.

8      9.    To the extent two or more causes of action or forms of relief or damages requested

9  herein are incompatible as a matter of law, each such cause of action is pled in the alternative, and

10  each such form of damages or relief is requested in the alternative.

11      10.    To the extent documents are cited herein in support of certain allegations, those

12  citations are merely examples of the evidence supporting the allegations and do not constitute the

13  sole or exclusive evidence supporting the allegations.

14      11.    Hereinafter, ACC Enterprises and ACC Industries are collectively referred to as the

15  "ACC Borrowers."

16      12.    Hereinafter, ACC Industries, ACC Enterprises, and Calvada Partners are

17  collectively referred to as the "Borrowers" or "Defendants."

18  **A.    The First Promissory Note.**

19      13.    On or around August 19, 2016, the ACC Borrowers executed a written promissory

20  note by which they received a loan of $3.5 million from Bart Street (hereinafter, the "First

21  Promissory Note").

22      14.    The First Promissory Note required that "[a]ll payments of interest and principal

23  shall be in lawful money of the United States of America. All payments shall be applied first to

24  accrued interest, and thereafter to principal. The outstanding principal amount of this Note, together

25  with all accrued interest, shall be due and payable on the September 1, 2017 (the 'Maturity Date')."

26      15.    The ACC Borrowers agreed to pay simple interest on the loan principal from the

27  effective date of the First Promissory Note until payment of the loan in full, with such interest

28  accruing at the rate of 7% per annum until paid.

16.     The First Promissory Note identifies an event of default as occurring if "[t]he Borrower fails to pay timely any of the principal amount due under this note on the date the same becomes due and payable or any accrued interest or other amounts due under this Note on the date of the same becomes due and payable."

17.     The ACC Borrowers expressly waived "[p]resentment, demand, protest, notices of protest, dishonor and nonpayment of this Note and all notices of every kind are hereby waived by all parties to this Note, whether the undersigned, principal, surety, guarantor or endorser, except as provided herein. To the extent permitted by applicable law, the defense of the statute of limitations is hereby waived by the undersigned."

18.     The First Promissory Note obligated the ACC Borrowers to pay all collection costs, including but not limited to "actual attorneys' fees" and "all expenses." It defines "actual attorneys' fees" to mean "the full and actual cost of any legal services actually performed in connection with the matter for which such fees are sought calculated on the basis of the usual fees charged by the attorneys performing such services, and shall not be limited to 'reasonable attorneys' fees' as that term may be defined in statutory or decisional authority."

19.     Demand for repayment of the monies loaned through the First Promissory Note has been made; however, to date, the ACC Borrowers have not repaid any principal or interest.

**B.      The Second Promissory Note.**

20.     On or around September 6, 2016, the Borrowers executed a written promissory note (hereinafter, the "Second Promissory Note") by which they received a loan of $1.2 million from Bart Street.

21.     The Second Promissory Note required that "[a]ll payments of interest and principal shall be in lawful money of the United States of America. All payments shall be applied first to accrued interest, and thereafter to principal. The outstanding principal amount of this Note, together with all accrued interest, shall be due and payable on the September 1, 2017 (the 'Maturity Date')."

22.     The Borrowers agreed to pay simple interest on the loan principal from the effective date of the Second Promissory Note until payment of the loan in full, with such interest accruing at the rate of 3% per annum until paid.

23.     The Second Promissory Note identifies an event of default as occurring if "[t]he Borrower fails to pay timely any of the principal amount due under this note on the date the same becomes due and payable or any accrued interest or other amounts due under this Note on the date of the same becomes due and payable."

24.     The Borrowers expressly waived "[p]resentment, demand, protest, notices of protest, dishonor and nonpayment of this Note and all notices of every kind are hereby waived by all parties to this Note, whether the undersigned, principal, surety, guarantor or endorser, except as provided herein. To the extent permitted by applicable law, the defense of the statute of limitations is hereby waived by the undersigned."

25.     The Second Promissory Note obligated the Borrowers to pay all collection costs, including but not limited to "actual attorneys' fees" and "all expenses." It defines "actual attorneys' fees" to mean "the full and actual cost of any legal services actually performed in connection with the matter for which such fees are sought calculated on the basis of the usual fees charged by the attorneys performing such services, and shall not be limited to 'reasonable attorneys' fees' as that term may be defined in statutory or decisional authority."

26.     Demand for repayment of the monies loaned through the Second Promissory Note has been made; however, to date, the Borrowers have not repaid any principal or interest.

27.     As a direct and proximate result of the above-referenced events, Bart Street has suffered injuries, losses, and damages exceeding $75,000.00. But for the above-referenced events, Bart Street would not have suffered these injuries, losses, and damages. Pursuant to this lawsuit, Bart Street is seeking monetary damages in the form of all principal and interest due under the Promissory Notes, as well as any additional relief allowed or found fair, equitable, just, or proper by the Court, including but not limited to attorney's fees, collection and litigation costs, and interest.

**FIRST CAUSE OF ACTION**
**Breach of Contract for the First Promissory Note**
**(Against the ACC Borrowers)**

28.     The First Promissory Note is a valid, binding, and enforceable contract between Bart Street and the ACC Borrowers.

29.     Bart Street performed its obligations under the First Promissory Note by loaning

$3.5 million to the ACC Borrowers.

30.    The ACC Borrowers breached the First Promissory Note failing to repay the principal and interest due by the Maturity Date of September 1, 2017.

31.    As a direct and proximate result of the above-referenced events, Bart Street has suffered damages in an amount in excess of $75,000.00.

32.    Bart Street has been forced to engage the services of counsel to pursue collection of the monies owed pursuant to the First Promissory Note and seeks the recovery of those legal expenses and costs of suit.

33.    But for the above-referenced events, Bart Street would not have suffered these injuries, losses, and damages.  Pursuant to this lawsuit, Bart Street is seeking monetary damages and any additional relief found fair, equitable, just, or proper by the Court, including but not limited to litigation costs, interest, and the expense of hiring counsel to prosecute this claim.

**SECOND CAUSE OF ACTION**
**Breach of Contract for the Second Promissory Note**
**(Against All Borrowers)**

34.    The Second Promissory Note is a valid, binding, and enforceable contract between Bart Street and the Borrowers.

35.    Bart Street performed its obligations under the Second Promissory Note by loaning $1.2 million to the Borrowers.

36.    The Borrowers breached the Second Promissory Note by failing to repay the principal and interest due by the Maturity Date of September 1, 2017.

37.    As a direct and proximate result of the above-referenced events, Bart Street has suffered damages in an amount in excess of $75,000.00.

38.    Bart Street has been forced to engage the services of counsel to pursue collection of the monies owed pursuant to the Second Promissory Note and seeks the recovery of those legal expenses and costs of suit.

39.    But for the above-referenced events, Bart Street would not have suffered these injuries, losses, and damages.  Pursuant to this lawsuit, Bart Street is seeking monetary damages and any additional relief found fair, equitable, just, or proper by the Court, including but not limited

to litigation costs, interest, and the expense of hiring counsel to prosecute this claim.

**THIRD CAUSE OF ACTION**
**Unjust Enrichment as to the First Promissory Note**
**(Against the ACC Borrowers)**

40.     By making the loan through the First Promissory Note to the ACC Borrowers, Bart Street conferred a benefit upon the ACC Borrowers. The ACC Borrowers have accepted, appreciated, and retained that benefit.

41.     The ACC Borrowers have been unjustly enriched through their receipt and retention of the loan monies and their failure to repay those monies to Bart Street.

42.     It would be unjust, unfair, and inequitable for the ACC Borrowers to be allowed to retain the monies loaned to them and owed to Bart Street.

43.     As a direct and proximate result of the above-referenced events, Bart Street has suffered damages in an amount in excess of $75,000.00.

44.     Bart Street has been forced to engage the services of counsel to pursue collection of the monies owed pursuant to the First Promissory Note and seeks the recovery of those legal expenses and costs of suit.

45.     But for the above-referenced events, Bart Street would not have suffered these injuries, losses, and damages.  Pursuant to this lawsuit, Bart Street is seeking monetary damages and any additional relief found fair, equitable, just, or proper by the Court, including but not limited to litigation costs, interest, and the expense of hiring counsel to prosecute this claim.

**FOURTH CAUSE OF ACTION**
**Unjust Enrichment as to the Second Promissory Note**
**(Against All Borrowers)**

46.     By making the loan through the Second Promissory Note to the Borrowers, Bart Street conferred a benefit upon the Borrowers, and the Borrowers have accepted, appreciated, and retained that benefit.

47.     The Borrowers have been unjustly enriched through their receipt and retention of the loan monies and their failure to repay those monies to Bart Street.

48.     It would be unjust, unfair, and inequitable for the Borrowers to be allowed to retain the monies loaned to them and owed to Bart Street.

49.     As a direct and proximate result of the above-referenced events, Bart Street has suffered damages in an amount in excess of $75,000.00.

50.     Bart Street has been forced to engage the services of counsel to pursue collection of the monies owed pursuant to the Second Promissory Note and seeks the recovery of those legal expenses and costs of suit.

51.     But for the above-referenced events, Bart Street would not have suffered these injuries, losses, and damages.  Pursuant to this lawsuit, Bart Street is seeking monetary damages and any additional relief found fair, equitable, just, or proper by the Court, including but not limited to litigation costs, interest, and the expense of hiring counsel to prosecute this claim.

**PRAYER FOR RELIEF**

WHEREFORE, Bart Street prays for a judgment as follows:

A.      Monetary damages in excess of $75,000.00.

B.      All relief allowed or found fair, equitable, just, or proper by the Court.

C.      Attorney's fees, costs, and interest.

D.      Equitable relief.

DATED November 30, 2018.

MCNUTT LAW FIRM, P.C.

*/s/ Dan McNutt*
Daniel R. McNutt, Esq., Bar No. 7815
Matthew C. Wolf, Esq., Bar No. 10801
625 South Eighth Street
Las Vegas, Nevada 89101
Counsel for *Plaintiff Bart Street III, LLC*

**CERTIFICATE OF SERVICE**

The undersigned is an employee of McNutt Law Firm, P.C. and certifies that Fed. R. Civ. P. 5, I served a true and correct copy of **FIRST AMENDED COMPLAINT** by mailing a copy by United States Postal Service, postage prepaid, via email, or via electronic mail through the United States District Court's CM/ECF system to the following at their last known address or e-mail:

Brenoch Wirthlin, Esq. (SBN 10282)
FENNEMORE CRAIG, P.C.
300 South Fourth Street, Suite 1400
Las Vegas, NV 89101
bwirthlin@fclaw.com
*Counsel for Defendants*

/s/ Lisa Heller
An Employee of McNutt Law Firm, P.C.