1  MCNUTT LAW FIRM, P.C.
   Daniel R. McNutt, Esq., Bar No. 7815
2  Matthew C. Wolf, Esq., Bar No. 10801
   625 South Eighth Street
3  Las Vegas, Nevada 89101
   Tel.: (702) 384-1170 / Fax.: (702) 384-5529
4  drm@mcnuttlawfirm.com
   mcw@mcnuttlawfirm.com
5
   *Counsel for Plaintiff Bart Street*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| BART STREET III, a Nebraska Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>ACC ENTERPRISES, LLC, a Nevada Limited Liability Company; ACC INDUSTRIES, INC., a Nevada corporation; CALVADA PARTNERS, LLC, a Nevada Limited Liability Company;<br><br>Defendants. | Case No.: 2:17-cv-00083-GMN-VCF<br><br>**ORDER ON (1) PLAINTIFF'S MOTION TO ESTABLISH PROTOCOLS TO SEARCH DEFENDANTS' TEXT MESSAGES (ECF NO. 173) (2) PLAINTIFF'S COUNTER-MOTION TO COMPEL (ECF NO. 178); AND (3) DEFENDANTS' MOTION TO QUASH (ECF NO. 175)** |

On March 8, 2019, Plaintiff Bart Street III, LLC ("Bart Street") filed a motion to establish protocols to search the text messages of Howard Misle and Peter Seltzer. ECF No. 173. On March 27, 2019, Defendants Calvada Partners, LLC; ACC Enterprises, LLC; and ACC Industries, Inc. filed a motion to quash a subpoena duces tecum served on Fennemore Craig, P.C. ("FC") by Bart Street. ECF No. 175. On April 3, 2019, Bart Street opposed the motion (ECF No. 177) and also countermoved to compel Defendants to respond to Rule 34 requests for production (ECF No. 178). Following oral arguments on May 1, 2019, this Court grants the motion to establish protocols, denies the motion to quash, and grants the countermotion to compel as set forth herein.

**A.    THE MOTION TO ESTABLISH PROTOCOLS (ECF NO. 173).**

With respect to the text messages between Howard Misle and Peter Seltzer, the relevant time period for the text messages is January 1, 2016, through December 31, 2016. *See* the Audio Recording of the May 1, 2019 Hearing ("Audio") at around twenty-one minutes and five seconds ("21:05"). Bart Street will pay for a third-party vendor, Holo Discovery, to handle the production

of the text messages as further described *infra*. *Id.* 14:52.

On or before May 15, 2019, Defendants will provide Bart Street and Holo the names and phone numbers of all customers, such as but not limited to spouses and attorneys, that Defendants consider to be a source of privilege and may have exchanged text messages with Misle and Seltzer during the relevant time period. *See* Audio 17:00, 30:50.

On or before May 29, 2019, Holo will provide all counsel a report identifying each text message within the relevant time period by its date and the phone numbers. *Id.* 22:00 – 23:05, 30:10. The report will not reveal the substance of any text messages. *Id.*

On or before June 5, 2019, Defendants will review the report and inform Bart Street and Holo if any additional phone numbers identified therein are privileged, and if so, also will provide the name of the person associated with each such number. *Id.* 31:35.

Defendants do not object to the search terms proposed by Bart Street. *See* Audio 30:00. After Defendants have identified all phone numbers for all spouses and attorneys and other privileged customers, Holo will use the terms to search within the non-privileged text messages exchanged during the relevant time period and then will provide the responsive text messages to Defendants. *Id.* 19:35, 28:20. Within two weeks of receiving the text messages from Holo, Defendants must produce the nonprivileged text messages to Bart Street. *Id.* 31:55. For any text messages not produced to Bart Street or produced with any redactions, Defendants must provide a privilege log identifying each withheld text message, the name and phone number of each person involved with the text message, and an explanation of the basis for the privilege. *Id.* 15:30, 17:00, 29:30.

**B.    THE MOTION TO QUASH (ECF NO. 175) AND COUNTER-MOTION TO COMPEL (ECF NO. 178)**

The Court denies Defendants' motion to quash the subpoena to FC. The Court overrules Defendants and FC's objection to the timing of the subpoena and the requests for production. *See* Audio 41:40.

The Court grants Bart Street's countermotion to compel with respect to the documents encompassed by requests # 4 and #6 in Bart Street's subpoena duces tecum to FC. *See* Audio 59:40

– 59:50. Specifically, Defendants and FC must produce the transactional documents requested in request for production #4 in the subpoena to FC to the extent that any such documents exist, or otherwise respond to Plaintiff by stating that such documents have already been produced and provide the corresponding bates numbers of such documents to Plaintiff.

As for request #6 in the subpoena to FC, Defendants and FC must produce the documents Defendants or FC exchanged with any of the Canadian investors concerning any capital infusion from any of the investors or any assets or liabilities of any Defendant. *Id.* 53:45 – 55:15. FC and Defendants must also produce the correspondence they exchanged with any of the Canadian investors about any of the topics with respect to request #6. *Id.* If Defendants or FC contend that any documents are privileged, then they must provide a privilege log. *Id.* 56:00.

*Respectfully Submitted*

MCNUTT LAW FIRM, LLP


*/s/ Dan McNutt*
Dan McNutt, Esq. (SBN 6247)
Matthew C. Wolf, Esq. (SBN 10801)
625 S. 8th Street
Las Vegas, Nevada 89101

Attorneys for Plaintiff

**ORDER**

IT IS SO ORDERED.

_____
UNITED STATES MAGISTRATE JUDGE

DATED: 5-9-2019